## Ludwig *against* Britton.

The *supersedeas* of an execution issued by a justice and delivered to the constable stays the execution and dissolves the contract of bail for the delivery of the property levied, whether the full amount of costs be paid to the constable or not.

ERROR to the Common Pleas of *Berks* county.

This was an action brought by John Britton against Jacob D. Ludwig, to recover the amount of three executions issued by F. Linderman, Esq., a justice of the peace; one at the suit of Lincoln & Goodhart *v.* Levi Bechtel, innkeeper, for $16.34, beside interest and costs; another at the suit of Herman Umstead *v.* same, for $99.84; and the other at the suit of Levi Bechtel, saddler, for $64.06 —amounting in all to $180.24.

On the 19th July 1839, these executions were placed in the hands of John Britton, then the constable of Union township, Berks county, who proceeded to levy upon three horses, and some other articles as the property of the defendant in the executions. Shortly after or at the time the levy was made, Jacob D. Ludwig became bail for the delivery of the goods to the constable Britton, who left the same in defendant's possession, and within twenty days entered special bail before the justice. Upon the entry of special bail the justice superseded the executions by directions in writing to the constable, upon the payment of costs. On the 29th of July 1839, the defendant in the executions, in company with Ludwig, the special bail, called on the constable with the *supersedeas*, and paid the costs demanded by the constable, and took the following receipt in the handwriting of the constable, viz:

"Received July 29, 1839, of Mr Levi Bechtel, $2.13½ in full of my fees on three executions, and advertising, it being for suits brought by H. Umstead, Levi Bechtel, and Lincoln & Goodhart."

[Ludwig v. Britton.]

Subsequent to this proceeding, the constable was requested by some of the plaintiffs in the executions to proceed with the sale of the horses, &c., notwithstanding the entry of special bail and supersedeas by the justice, and in pursuance of this request the constable demanded the goods of Ludwig, and brought the above action to recover the amount of said executions. On the trial of the cause it appeared that there was an omission by the constable of about 30 cents costs, but it did not appear that Ludwig had any knowledge of it.

The plaintiff gave in evidence the record of the judgments on the docket of F. Linderman, Esq., by which it appeared that special bail had been entered in one case only.

Paper, dated 19th of July 1839. Inventory of goods; articles enumerated; bail on the same day by J. D. Ludwig, viz:

"I will go bail for the delivery of the above-mentioned articles, to be delivered on the 27th instant, at 2 o'clock in the afternoon, or pay the debt and costs. Witness my hand this 19th day of July 1839."

The defendant gave in evidence proof of notice on the plaintiff to produce supersedeas.

Ezekiel Beard affirmed. They, Ludwig, Britton, and Bechtel, were at my house in July 1839. Levi Bechtel had a small note from F. Linderman, Esq., to John Britton, stating that Levi Bechtel had entered special bail, Jacob D. Ludwig, and on their paying the costs he might stay the proceedings; this receipt was given at the time, and the costs were paid at the time.

The plaintiffs in the executions were not willing that the proceedings should be thus arrested, and the constable proceeded to demand the property, and for its non-delivery brought this suit.

The court below thus instructed the jury which was the subject of exception.

"Did the justice supersede the executions? If he did, there can be no recovery by the plaintiff. If he superseded them on the payment of the costs, was that done? If it was, then there can be no recovery in this suit. If the costs were not paid, that is the costs of the executions, the constable might proceed to demand and sell the property, and in that case would be entitled to recover. Whether the costs of the executions were paid or not, you will decide from the evidence; if they were, the plaintiff cannot recover."

The jury rendered a verdict for the plaintiff.

*Darling*, for plaintiff in error, cited the *Act of 20th March* 1810, sect. 6; *Purd. Dig.* 581. The justice had power to supersede the executions, and whether he did, or not, was a matter of fact which the jury alone could determine. The defendant paid all the costs demanded of him, and took the constable's receipt; what could he do more? And yet the court instructed the jury that if all

[Ludwig v. Britton.]

the costs were not paid, the plaintiff might recover.　3 *Penn. Rep.* 61. .

*Strong, contra.* It was the business of the party who claimed to have the privilege of the stay of execution, to see that he had complied with the terms imposed, by which he might obtain it; and as he did not pay the costs of the execution, the plaintiff had a right to proceed.

PER CURIAM.—The object of the supersedeas was to give the defendant the benefit of the stay on terms of putting the plaintiff in *statu quo*, by payment of the costs of the execution to the proper officer. It is admitted that the defendant discharged the bill presented to him by the constable, which, however, happened not to include the justice's fee for issuing the writ. But whose fault was that? It was apparently the fault of the justice, who seems not to have demanded his fee when he issued the supersedeas, or perhaps omitted to tax it on the back of the execution; and he ought to lose it for his negligence, rather than that the defendant should lose his privilege. Or if the constable is to blame for not having demanded enough, he must answer it to the justice. The fee is lost to the one or the other of them; but as neither the plaintiff nor the defendant was to blame, neither of them can lose or gain by the default of another. As the plaintiff cannot be called on for the fee hereafter, it is paid so far as he is to be regarded; and the Judge erred in charging that the constable had a right to proceed if the supersedeas was granted on payment of costs. The execution was at an end, and the forthcoming contract was dissolved.

Judgment reversed.